UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number: 10-14069-CR-MARTINEZ

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JEFF JUNIOR HOLLAND,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

THIS CAUSE came before the Court upon Defendant's Motion for New Trial (D.E. No. 183). Defendant Jeff Junior Holland ("Defendant") has filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33. Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Defendant was charged with seven counts. In Count 1, Defendant was charged with conspiring to interfere with commerce by threats or violence (i.e. robbery). In Count 2, Defendant was charged with attempting to interfere with commerce by threats or violence (i.e. robbery). In Count 3, Defendant was charged with conspiring to possess with intent to distribute cocaine hydrochloride. In Count 4, Defendant was charged with attempting to possess with intent to distribute cocaine hydrochloride. In Count 5, Defendant was charged with conspiring to carry or possess a firearm during and in relation to, or in furtherance of, a drug-trafficking crime or a crime of violence. In Count 6, Defendant was charged with carrying and possessing a firearm in furtherance of a drug-trafficking crime or crime of violence. Finally, in Count 7, Defendant was charged with possession of a firearm by a convicted felon. A jury trial was held on August 15, 2011, August 16, 2011, and August 17, 2011. On August 17, 2011, the jury returned a verdict of guilty on all counts. (D.E. No. 179). Defendant argues that the Court should grant him a new trial because

the Court improperly instructed the jury on the law. After careful consideration and for the reasons set forth below, the Court denies Defendant's motion.

The Eleventh Circuit has stated that "[g]enerally district courts 'have broad discretion in formulating jury instructions provided that the charge as a whole accurately reflects the law and the facts,' and we will not reverse a conviction on the basis of a jury charge unless 'the issues of law were presented inaccurately, or the charge improperly guided the jury in such a substantial was as to violate due process.'" *United States v. Prather*, 205 F. 3d 1265, 1270 (11th Cir. 2000) (quoting *United States v. Arias*, 984 F. 2d 1139, 1143 (11th Cir. 1993)). Here, Defendant argues that the Court should grant him a new trial because the Court's instructions to the jury used the general conspiracy instruction and the general attempt instruction and did not include all of the necessary elements for a jury to properly convict Defendant on Counts 1, 3, and 5 and Counts 2 and 4 respectively. Defendant states that "[a]lthough the specific count instructions for Counts 1 through 5 contained all the necessary elements for the crime charged, the general conspiracy and general attempt instruction did not." (D.E. No. 183 at 3).

At trial, the Court first provided the jury with a list of the seven offenses charged. *See* (D.E. No. 175 at 10). The Court then stated:

> I will explain the law governing these offenses in a moment, But please note that the Defendant is not charged in Counts 1, 2, 3, 4, and 5 with committing a substantive offense—he is charged with conspiring or attempting to commit those offenses. I will now give you specific instructions on conspiracy and attempt.

(D.E. No. 175 at 10-11). The Court then gave the pattern instruction for a general conspiracy charge under 18 U.S.C. § 371[1] and the pattern instruction for attempt.[2] *Id*. at 12-13. Next, the Court gave a separate instruction for each count explicitly listing the elements of each count that the jury had to find beyond a reasonable doubt. *Id*. at 14-25. Defendant concedes that the Court included all of

---

[1] Eleventh Circuit Pattern Jury Instructions (Criminal) Offense Instruction 13.1 (2010).

[2] Eleventh Circuit Pattern Jury Instructions (Criminal) Special Instruction 11 (2010).

the necessary elements in its instructions but argues that by giving the general conspiracy instruction and the general attempt instruction before specifically instructing the jury on each count the Court erred. This Court disagrees. By giving the general instructions before the specific instructions, the Court provided the jury with a general overview of the law and highlighted the difference between conspiracy and attempt charges and substantive charges just as stated in the introduction to offense instruction in the pattern jury instructions. Eleventh Circuit Pattern Jury Instructions (Criminal) Basic 8 (2010). It also made it less confusing for the jury as the Court did not have to repeat the more general language in these instructions for Counts 1 through 5. Moreover, as discussed above Defendant agrees that the instructions as a whole contained all of the elements of the charged offenses. *See United States v. Armstrong*, 619 F. 3d 380, 386 (5th Cir. 2010) (finding a defendant's argument that an instruction for conspiracy to commit mail fraud was erroneous because it failed to include the substantive elements of mail fraud where the substantive elements were included in a separate instruction on the mail fraud count to be frivolous). Accordingly, the Court finds a new trial is not warranted and it is:

**ORDERED AND ADJUDGED** that

Defendant's Motion for New Trial (D.E. No. 183) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 7 day of October, 2011.

```
_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE
```

Copies provided to:
Honorable Judge Lynch
All Counsel Of Record